HENRY C. DICKERSON

*v.*

AMASA J. MERRIMAN.

*Filed at Springfield September 30, 1881.*

1. ACTION—*for money loaned where borrower fails to give security.* Where money is loaned under an agreement that the borrower shall give a mortgage to secure its repayment, and he fraudulently or otherwise refuses to give the security agreed upon, or attempts fraudulently to impose a different security on the lender, an action at law lies for the recovery of the money.

2. LIMITATION—*when it begins to run.* The Statute of Limitations does not begin to run against a debt until it is due or a right of action has

Statement of the case.     Brief for the·Appellant.

accrued; and where the indebtedness is not evidenced in writing, an action on it will not be barred in less than five years.

3. DEED—*inoperative without delivery and acceptance.* A conveyance of land is inoperative without delivery and acceptance.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

This was an action of assumpsit, brought in the McLean circuit court, by Amasa J. Merriman, administrator of the estate of Jane Hendryx, deceased.

The declaration contained the common counts only, alleging the indebtedness to have accrued on the first day of January, 1874.

The defendant pleaded the general issue, payment, the Statute of Limitations, and that he conveyed to Jane Hendryx eighty acres of land in Coffee county, Kansas, and a part of a lot in Leroy, in McLean county, Illinois, in satisfaction of this debt.

Afterwards, an agreement was made of record that all special pleas be withdrawn, and that all evidence admissible under any proper plea be introduced under the general issue.

Upon a trial the jury found for the plaintiff, and assessed the damages at $2392.45, on which judgment was rendered. On appeal to the Appellate Court for the Third District this judgment was affirmed.

Messrs. BLOOMFIELD & HUGHES, and Messrs. TIPTON & RYAN, for the appellant:

The rule is, that a deed with a consideration named, and a condition that the grantor may redeem on paying back such consideration with interest, is not evidence of a debt, like a note and mortgage, but in the nature of a right to repurchase. *Henry* v. *Bell,* 5 Ver. 393; *Reading* v. *Weston,* 7 Conn. 143; *Conway* v. *Alexander,* 7 Cranch, 218.

Something more than a reservation of a right to repurchase, or a covenant to reconvey, must be shown in order to convert a deed absolute on its face into a mortgage. It must be shown by affirmative evidence that it is a security. 41 Cal. 22.

That the deed in question is not a mortgage, but a sale, with the right to repurchase on condition, see *Reason* v. *Sea,* 35 Ala. 612; *Flagg* v. *Mann et al.* 467.

It is held, and we believe the rule to be one of universal application, that when a deed is made for a consideration paid at the time, whether the payment is made in cash or by the surrender and satisfaction of a precedent debt or agreement on the part of the vendee to allow the vendor to repurchase at a future day for the same or an advanced price, it does not convert the transaction into a mortgage. *West* v. *Hendryx,* 28 Ala. 226; *Hillhouse* v. *Dunney,* 7 Conn. 143; *Pitts* v. *Cable,* 44 Ill. 103; *French* v. *Sturtevant,* 8 Greenlf. 246; *Glover* v. *Payson,* 19 Wend. 518.

The true test whether a transaction is a mortgage or a conditional sale is this: if the relation of debtor and creditor remains, and a debt still subsists, it is a mortgage, but if no debt remains, and the grantor has the privilege of refunding within a given time, and thereby entitle himself to a reconveyance, it is a conditional sale. *Story* v. *McMurray,* 27 Mo. 113; *Hoop* v. *Bailey,* 28 Miss. 328; *Saxton* v. *Hitchcock,* 27 Barb. 220; *Page* v. *Foster,* 7 N. H. 392.

The debt due from R. F. Dickerson to his mother, Jane Hendryx, was extinguished by the deed, which can not be tortured into a mortgage. *Glover* v. *Page,* 11 Wend. 518; *Baxter* v. *Willey,* 9 Vt. 276; *Holmes* v. *Grant,* 8 Paige, 243.

Parol evidence at law is not admissible to show that a deed absolute on its face was intended as a mortgage. *Staten* v. *Commonwealth,* 2 Dana, 397; *Benton* v. *Jones,* 8 Conn. 186; *Reading* v. *Westin,* 8 id. 117; *Mercantile Ins. Co.* v. *Jaynes,*

87 Ill. 202; *Low* v. *Henry*, 9 Cal. 538; *Lee* v. *Evans*, 8 id. 424; *Cook* v. *Eton*, 16 Barb. 439.

Counsel also contended that the Statute of Limitations presented a defence to a recovery.

Messrs. Rowell & Hamilton, for the appellee:

1. The evidence overwhelmingly shows a loan which was to run for one year in any event, and might run for five.

2. This suit was commenced April 17, 1879, or less than four and a half years from the time the money was due (one year), so that the Statute of Limitations has no application. The delay in bringing suit is accounted for by the theory that Dickerson had a right to keep the money five years, from October, 1873.

3. The deed in evidence is null and void, because it was changed by the justice after it was signed and acknowledged, by the consent of one of the makers, but without the knowledge or consent of the other maker. *Gardiner* v. *Horbeck*, 21 Ill. 129; *Montag* v. *Linn*, 23 id. 551; *White* v. *Jones*, 38 id. 159.

4. The deed was never delivered and knowingly accepted as a deed, and is therefore no part of the contract between the parties. *Bryan* v. *Wash*, 2 Gilm. 557; *Kingsbury* v. *Brownell*, 58 Ill. 310; *Dare* v. *Lincoln*, 62 id. 26; *Huleck* v. *Scoville*, 4 Gilm. 159; *Richards* v. *Jackson*, 6 Cow. 617; *Church* v. *Gilman*, 15 Wend. 658.

5. Mrs. Hendryx never knowingly accepted a deed for her money. The minds of the parties never met upon the question of accepting the deed, and it was not the contract of the parties. *Davidson* v. *Porter*, 57 Ill. 300.

Mr. Justice Walker delivered the opinion of the Court:

The Appellate Court having settled the facts in this case, we are prohibited from reviewing them. That court concurred with the jury and the circuit judge who tried the case,

and that is, under the statute, conclusive of the facts. We can therefore only consider questions of law arising on the facts as found.

It is insisted that a court of law, in an action of assumpsit, has no jurisdiction to hear evidence and declare a deed that is absolute in terms, a mortgage or mere security for the loan of money. That is not the question presented by this record. It is claimed, and the jury have so found, that Mrs. Hendryx, in her lifetime, loaned to appellant the sum of $1718.11, or, what amounted to the same thing, she paid that sum on a judgment against appellant, with the agreement that he would mortgage to her eighty acres of land in Kansas, and a lot in the town of Leroy, in McLean county, in this State, as security for its payment; but instead thereof he executed a deed, with the reservation of the right to repurchase the town lot. This defence was set up to a recovery; but it was urged, and the jury found, that the deed was never delivered by appellant. This, then, only presented the question whether the money was advanced, and if so, whether the deed was delivered or received as a purchase, and these facts have been found by the jury and the Appellate Court, and that finding is conclusive.

There can not be the slightest question that where money is loaned, with an agreement that the borrower shall give a mortgage, and he fraudulently or otherwise fails or refuses to give the security agreed upon, or attempts to fraudulently impose a different security on the lender, an action at law may be maintained for the recovery of the money. If there was no delivery or acceptance of the deed, no title or right of any description vested in the grantee. If there was no delivery and acceptance of the deed, it has no relation to the case, and simply leaves the question whether the indebtedness was incurred, and if so, the right of recovery was complete.

For some reason, which to us is not apparent, the Statute of Limitations is insisted upon for a reversal. The evidence

tends to prove that the transaction occurred in October, 1873, and the money was to become due in one year, with the privilege for appellant to keep it five years, and the suit was brought in April, 1879, about four years and six months after the money was due. The evidence tended to prove these facts, and we must presume the jury so found.

We presume no one would contend that a suit in assumpsit can be barred in less than five years, or that the statute can begin to run before the debt is due or an action accrues. There would, therefore, appear not to be the slightest ground for insisting on the bar of the statute, nor can we believe that it could have been expected the court would allow the defence. Nor do we perceive any error in the rulings of the trial court as to the evidence, or in giving or refusing instructions.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*